CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 7 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE TYRONE HALE, </br></br>　　　　Petitioner, </br></br> v. </br></br> GENE M. JOHNSON, Director of </br> Virginia Department of Corrections, </br></br>　　　　Respondent. | Civil Action No. 7:05CV00317 </br></br></br> **MEMORANDUM OPINION** </br></br></br> By: Samuel G. Wilson </br> United States District Judge |

　　Steve Tyrone Hale brings this 28 U.S.C. § 2254 petition, challenging his convictions and sentences for robbery, attempted robbery, petty larceny, and violation of his probation. Hale claims that his counsel was ineffective, that his due process rights were violated, and that he did not intelligently and voluntarily enter his guilty plea. The court finds that Hale's petition is untimely and that Hale has demonstrated no grounds for equitable tolling. Accordingly, the court dismisses Hale's petition.

### I.

　　Hale pled guilty in the Circuit Court for the City of Roanoke to robbery, attempted robbery, petty larceny, and violation of his probation. The court entered convictions on August 27, 2001, and sentenced Hale to 33 years incarceration. Hale did not directly appeal. Hale filed a habeas petition in the Circuit Court for the City of Roanoke on August 6, 2003, which the court dismissed on the merits on December 2, 2003. Hale appealed to the Court of Appeals of Virginia, and the court dismissed his appeal as untimely on March 30, 2004.[1] Hale then filed a

---

[1] The court notes that, pursuant to Va. Code § 17.1-406, Hale should have appealed the dismissal of his habeas petition directly to the Supreme Court of Virginia, not to the Court of Appeals of Virginia.

habeas petition in the Supreme Court of Virginia on February 2, 2005; the court dismissed the petition as untimely on March 7, 2005.[2] Hale filed his federal petition on May 12, 2005, in the Eastern District of Virginia; his case was transferred to this court on May 24, 2005. On May 27, 2005, the court advised Hale that his § 2254 petition appeared to be untimely and afforded him an opportunity to amend his petition. Hale submitted an affidavit repeating the dates on which he filed and appealed his state habeas petitions.[3]

## II.

Hale was 810 days late filing this federal habeas petition, and he has shown no grounds for equitable tolling of the § 2244 statute of limitations; the court, therefore, dismisses his petition. Hale had 365 days from September 26, 2001, the date his conviction became final,[4] to file his § 2254 petition;[5] this statute of limitations was tolled while his state habeas petition was

---

[2] The Supreme Court of Virginia also cited Va. Code § 8.01-654(B)(2), which prevents the court from granting relief based on a claim the basis of which the petitioner had knowledge at the time he filed an earlier habeas petition.

[3] In his affidavit, Hale appears to suggest that he appealed the dismissal of his original habeas petition to the Supreme Court of Virginia. However, the record clearly demonstrates that Hale did not appeal to that court; rather, he filed a second, distinct state habeas petition.

[4] Hale's conviction became final when his time for direct review expired, which was September 26, 2001, when he failed to file a notice of appeal within 30 days from the day the trial court entered his judgment of conviction. See 28 U.S.C. § 2244(d); Va. S. Ct. R. 5:9 (allowing 30 days for filing a notice of appeal from a decision of a circuit court).

[5] Under 28 U.S.C. § 2244(d), the one-year clock for a § 2254 petition begins to run on the latest date from the following list: "1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts

pending. See 28 U.S.C. § 2244(d). A total of 1,324 days passed between September 26, 2001, and the date Hale filed the current petition, May 12, 2005; however, 149 of those days do not count because Hale's state habeas petition was pending.[6] Thus, for § 2244 purposes, 1,175 days[7] lapsed, meaning Hale's petition was untimely by 810 days.[8]

Because Hale did not meet the one-year deadline, his petition is barred unless he demonstrates to the court some grounds for equitable tolling of the one-year clock. Hale has not made any such demonstration. The Fourth Circuit has explained that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Hale cursorily claims that his attorney's ineffective assistance prevented him from meeting the one-year deadline; however, he identifies

---

supporting the claim or claims presented could have been discovered through the exercise of due diligence."
Here, Hale has alleged nothing to support the application of 2244(d) 2, 3, or 4, so the court finds the clock began to run on the date his conviction became final, September 26, 2001.

[6]Hale's one-year clock stopped on August 6, 2003, the day he filed his state habeas petition, and remained stopped until January 2, 2004, when Hale's time to note an appeal from the circuit court's December 2, 2003, dismissal of his habeas petition lapsed, meaning the clock was stopped for 149 days. See 28 U.S.C. § 2244(d); Va. S. Ct. R. 5:9 (allowing 30 days for filing a notice of appeal from a decision of a circuit court).
Because Hale's second state habeas petition, which he filed with the Supreme Court of Virginia, was not timely, the court finds that it was not "properly filed" and, therefore, did not toll the § 2244(d) one-year clock. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1811-14 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2).")

[7]1,324-149=1,175

[8]1,175-365=810

3

no particular acts or omissions on the part of his attorney that might have prevented him from timely filing his federal habeas petition. Accordingly, the court finds that Hale is not entitled to equitable tolling of the § 2244 one-year statute of limitations.

### III.

For the foregoing reasons, the court dismisses Hale's petition as untimely.

ENTER: This 7th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

4

Case 7:05-cv-00317-SGW-mfu   Document 7   Filed 07/07/05   Page 4 of 4   Pageid#: 56